JS - 6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

ANTHONY McGEE,

          Petitioner,

   v.

M.D. BITER,

          Respondent.

) Case No. EDCV 11-1678-CJC (SH)
)
) MEMORANDUM AND ORDER
) DISMISSING PETITION FOR
) WRIT OF HABEAS CORPUS
)
)
)
)
)
)
)

On September 28, 2011, pro se petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in the United States District Court for the Southern District of California. The action was subsequently transferred herein. Pursuant to the Court's October 27, 2011 Minute Order, petitioner filed a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody ("First Amended Petition") on November 29, 2011. In his First Amended Petition, petitioner (who suffered a conviction in San Bernardino County Superior Court in

1

2009) alleges the following claims: (1) Petitioner received ineffective assistance of counsel based on trial counsel's failure to challenge evidence of the victim's injuries; (2) Petitioner received ineffective assistance of counsel based on trial counsel's failure to challenge evidence of photographs and the manner in which the victim's injury occurred; (3) The prosecutor committed misconduct by fabricating events and presenting misleading photographs; (4) The prosecutor committed misconduct by concealing evidence showing that the victim did not suffer any serious injury; and (5) The prosecutor committed misconduct by knowingly allowing the victim's fabricated testimony.  (First Amended Petition at 5-6).

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 179 (1982).  The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel.  See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state.  See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979).  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v.

2

1  Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

2        Here, petitioner admits he did not present the claims alleged in the First

3  Amended Petition to the California Supreme Court.  (See First Amended Petition

4  at 5-6).  Thus, petitioner has never presented to the California Supreme Court the

5  claims being alleged in the First Amended Petition herein.  It appears conclusively

6  from the face of the First Amended Petition that the claims alleged in the First

7  Amended Petition are unexhausted.

8        Accordingly, the claims alleged in the First Amended Petition are

9  unexhausted and the First Amended Petition is properly dismissed without

10  prejudice.

11        ACCORDINGLY, IT IS ORDERED that the First Amended Petition be

12  dismissed without prejudice to refiling after exhaustion of state remedies.[1]

13  DATED:  December 7, 2011

14

15

16                              _____
                                    CORMAC J. CARNEY
17                              UNITED STATES  DISTRICT JUDGE

18

19  Presented by:
    Date:  December 5, 2011

20

21

22  _____
        STEPHEN J. HILLMAN
23  UNITED STATES MAGISTRATE JUDGE

24

25

26  _____

27    [1]   This dismissal does not relieve petitioner from complying with the one-year
    statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by the
    Antiterrorism and Effective Death Penalty Act of 1996, with respect to any future
28  habeas petitions filed in this Court.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4